FÉLIX GARCÍA, Plaintiff and Appellant, v. PALATINE INSURANCE Co. LTD., Defendant and Appellee.

No. 5903.   Argued January 25, 1932.—Decided January 28, 1932.

*Pellón & Ayuso* for appellant.  *J. Henri Brown, C. Ruiz Nazario,* and *G. González* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was a case where the district court granted an extension of the time for filing the stenographer's notes when the previous term had already expired. We held in effect that the court was without power or authority to grant such an extension. 42 P.R.R. 950.

The appellant filed a motion for reconsideration and asked this Court to grant a new term. The motion was denied so far as the term was concerned because a motion for reconsideration was not the means of obtaining a new term.

On the 14th of January, 1932, the appellant filed a motion asking this Court to grant a new term. The motion is not sworn to and is not accompanied by any affidavit of merits with respect to the appeal.

The appellee not only opposes the granting of the motion on technical grounds but maintains that the appeal is frivolous. It is possible that the technical grounds could be supported, but we shall preferably consider the supposed frivolity of the appeal.

The appellant at the hearing maintained that the appellee had no right to rely on the stenographer's notes which it alleged were without the power or authority of the court to approve and were so presented to us. It is evident, how-

ever, that a paper writing prepared by the appellant and certified by him could be used to show that, even if properly approved, it could not avail the appellant.

We have examined the record and the exceptions taken and we find in fact that the case, as maintained by the appellee, only involves the weight of the evidence. As the appellee points out, the appellant attempted to recover on an insurance policy. The proof tended to show that the fire occurred on a Sunday night and the complainant was the last person on the premises. The complainant did not keep books and testified as to the contents at the time of the fire of the grocery shop that he owned. The fire only lasted an hour and a half. The evidence tended to show that the rear of the shop of the plaintiff could not have contained all the merchandise to which he testified. More particularly, as the fire only lasted an hour and a half, there was evidence tending to show that all the contents of the shop, especially fixtures or furniture, if they had been there could not have been destroyed within that time. It might be that some other judge would not have made a similar finding, but there was sufficient evidence for the court to say, as it did say, that the fire was not a casual one. The court also drew attention to the fact that the said various articles did not appear after the fire, and that of a great number of cans only 83 were left.

So it would appear that at the time of the fire the plaintiff either did not have the amount of merchandise that he claimed or perhaps that he never did have it, or even that he removed some of the merchandise, supposed to be insured, from the premises. Under these circumstances, the case would fall under the principles announced in *Dragoni* v. *U.S. Fire Ins. Co.*, 36 P.R.R. 425, and *López Pérez* v. *Western Assurance Co.*, 40 P.R.R. 154.

Any doubt that could arise in this matter should have been dissolved in an affidavit of merits presented by the appellant.

In other words, after a case is properly dismissed the burden is strongly on the appellant to show that the appeal is a meritorious one.

We agree with the appellee that the appeal is frivolous, and the motion for reinstatement will be denied.